## FULTON IRON WORKS CO. v. WOLFE. (No. 626.)

Court of Civil Appeals of Texas. Waco. Feb. 16, 1928.

Rehearing Denied March 8, 1928.

1. Brokers ⊕=50—Plaintiff held not entitled to commissions for sale consummated by another agent after plaintiff's agency terminated, notwithstanding plaintiff had negotiated former sale contract, which parties abandoned.

Plaintiff *held* not entitled to commissions for sale of engine to city which had been consummated by another agent after plaintiff's agency had terminated, notwithstanding plaintiff had, during his agency, made a contract with the city for a sale of an engine, which contract, however, had been abandoned before plaintiff's agency had terminated.

---

⊕=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**2. Brokers ⊚⇒72—In suit on contract providing that agent pay own expenses, evidence of alleged extraordinary expenses held inadmissible.**

In suit on agency contract which provided that agent was to pay all of his expenses, evidence of alleged extraordinary expenses in making sales *held* properly excluded.

Appeal from District Court, Dallas County; Claude M. McCallum, Judge.

Suit by M. P. Wolfe against the Fulton Iron Works Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Lewis & Rice, of St. Louis, Mo., and Touchstone, Wight, Gormley & Price and D. A. Frank, all of Dallas, for appellant.

Leake, Henry, Wozencraft & Frank, of Dallas, for appellee.

BARCUS, J. Appellee instituted this suit against appellant, seeking to recover a balance of $2,283.49, which he claimed was due him under and by virtue of a certain written contract of employment. On November 1, 1923, appellant and appellee entered into a written contract for a period of one year, under the terms of which appellee was to act as the sole representative and agent of appellant in the sale of its manufactured articles in the states of Oklahoma and Texas. Under the terms of said contract, appellee was to pay all of his expenses and receive as his sole compensation a commission on the merchandise when paid for, sold by him or by any one else for appellant in said territory during the life of said contract. The contract provided that under certain conditions it could be continued between the parties for an indefinite time. At the end of the first year appellee voluntarily severed his connection with appellant and entered the service of another corporation selling the same line of merchandise. In March, 1924, appellee, for appellant, made a contract with the city of Perry, Okl., under the terms of which it sold an engine to said city for a total consideration of $27,150, to be paid $2,715 in cash and the remainder in installments payable at various times. Appellee collected the $2,715 and remitted same to appellant with the contract, and appellant paid him his commission on said $2,715. Before the engine was shipped, the city authorities of Perry issued another warrant for part of the purchase price, which the city secretary of Perry refused to either register or pay, and, after some litigation had ensued in the state of Oklahoma, the city of Perry took the position that the contract was not enforceable, and refused to comply therewith and refused to take and pay for said engine. Appellant made no further effort to enforce said contract, and it appears without dispute that same was by both appellant and the city of Perry abandoned before appellee severed his connection with appellant on November 1, 1924.

In April, 1925, the city of Perry advertised that it desired to purchase an engine, and invited bids. Mr. Wright, who was at said time the agent of appellant for Texas and Oklahoma, went to Perry and submitted a bid for appellant; a number of other bids being submitted, among them being one by the company by whom appellee was at said time employed. Appellee, however, did not have that territory and had nothing to do with the bid as submitted by his company. Appellant, through its agent Mr. Wright, sold an engine to the city of Perry in April, 1925; same being practically the kind, class, and character of engine as described in the contract which appellee Wolfe had made with the city of Perry in March, 1924, there being some difference in price and terms. In order that Mr. Wright might make the sale in April, 1925, appellant authorized him to give credit as part payment the $2,715 which it had collected from the city of Perry in March, 1924, on the contract made for it by appellee, Wolfe.

[1] Appellee by his pleadings seeks to recover from appellant $2,283.49, balance due him as commissions under the contract by which he was employed by appellant. He does not itemize the account by showing from what particular deals the commissions were due. In his testimony he stated that the only commission he was claiming from appellant was the remainder of the commission due him on the sale of the engine to the city of Perry, Okl.; his contention being that, since he made a sale to the city of Perry in March, 1924, which was thereafter abandoned and a new contract of sale made in April, 1925, he was entitled to full commission on the total price, on the theory that he was the procuring cause of the sale being made in April, 1925. Appellee's contract provides specifically that he shall only receive commissions on sales as paid for, made by him or by other parties in his territory during the life of his contract. It seems to be a well-settled rule of law that, where an agent has a contract which terminates on a day certain, all of his rights accruing under or by virtue thereof expire on the date of the termination of said contract. 2 C. J. 527; 9 C. J. 519; 4 R. C. L. 251. Since appellee's contract expired on November 1, 1924, some six months before the sale was actually made by appellant of the engine to the city of Perry in April, 1925, appellee was not entitled to any commission on said sale. Appellee did not claim either in his petition or by his testimony that appellant could have enforced the contract which he made with the city of Perry in March, 1924. Neither does he con-

tend that appellant was in any way responsible for said sale as made by him in March, 1924, not being consummated. Neither does he claim any damages because appellant did not enforce said contract. We do not think that appellee, under any theory of the case as either pleaded or testified to by him, was entitled to any commission on the sale of the engine as made by A. W. Wright, agent of appellant, to the city of Perry in April, 1925.

[2] Appellee, by cross-assignments of error, contends that the trial court committed error in excluding the testimony of appellee to the effect that appellant was due him $647 as extraordinary expense which appellee incurred in making the sale of the engine to the city of Perry and in making a sale of an engine to the city of Altus, Okl. We do not think there was any error in the action of the court in excluding this testimony. Appellee based his suit alone upon a written contract, which provides specifically that he was to pay all of his expenses. There is no allegation in his petition that this provision of the contract was in any way changed or that appellant at any time agreed to pay this additional expense, and there is no pleading that would support said testimony or claim of appellee.

The judgment of the trial court is reversed, and the cause remanded.